UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

3-15-mc-5-JGH

**AIRXCEL, INC.**                                                                                              **PETITIONER**


**VS.**          **MEMORANDUM IN SUPPORT OF PETITIONER'S
MOTION FOR THE ISSUANCE OF A FOREIGN
SUBPOENA UNDER 28 U.S.C 1782**

**DOMETIC CORP.**                                                                                         **RESPONDENT**

********

Comes the Petitioner, Airxcel Inc., by and through counsel, respectfully requests this Court issue a subpoena to enable Airxcel Inc. to serve a subpoena on Dometic Corporation, a foreign company authorized to conduct business in Kentucky, with administrative offices in Louisville. Specifically, Airxcel seeks to obtain documents and communications from Dometic Corporation related to refrigerator-related fires. The Defendant seeks this information for use in an arbitration proceeding currently pending in Sydney, New South Wales, Australia. As grounds for same, Defendant states as follows:

### STATEMENT OF FACTS

This proceeding arises from a fire that occurred on February 9, 2004 in a shed on a property in Bundaberg, Queensland, Australia, owned by Mr. Raymond and Keryn Fulcher. ("Fulchers"). The Fulchers purchased a 2003 Winnebago Alpine 2855 motorhome manufactured by Knott Investments Pty. Ltd. ("Knott") from Around Australia Motor Homes Pty. Ltd. It is alleged that Knott installed an air-conditioning unit manufactured by Airxcel in the subject motorhome. Airxcel Inc. is a US corporation that manufactures, among other things, air-conditioning units for use in motor homes. A fire stated in or on the motorhome allegedly resulting in property damage to the

motorhome and the building in which it was garaged.

The Fulchers instituted proceedings in the Supreme Court of Queensland in respect to Coast, Knott and Around Australia alleging an electrical defect inside the motorhome caused the fire. The Court ruled for the Fulchers, determining a failure of an electrical component within the air-conditioning unit caused the fire. Airxcel was not a party to the original litigation.

Coast has now commenced arbitration proceedings against Airxcel seeking, among other things, compensation for the damages awarded against it in the Supreme Court action. In the arbitration, Coast alleges that an electrical fault within the air-conditioning unit caused the fire. The arbitration proceedings are on-going and are due to resume February 26, 2015.

Airxcel Inc. understands that an absorption refrigerator manufactured by Dometic (model RM4601) was installed in the motorhome. There is a known mechanism of failure in absorption refrigerators, which has been identified as a potential cause of fires. Manufacturers, including Dometic Corporation, have issued recalls in the United States as a result of this defect. Airxcel, Inc. must obtain documents, including but not limited to documents relevant to product recalls, from Dometic Corporation, in order to determine whether this fire could have been caused by a defect in the Dometic absorption refrigerator.

## LEGAL ARGUMENT

28 U.S.C § 1782 provides that a Federal District Court may upon the application of "any interested person" order a person residing in the district to produce documents for use in a foreign tribunal. It provides:

> "(a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or

upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.
(b) This chapter does not preclude a person within the United States from voluntarily giving his testimony or statement, or producing a document or other thing, for use in a proceeding in a foreign or international tribunal before any person and in any manner acceptable to him."

28 U.S.C § 1782

In *In re Roz Trading Ltd.*, 469 F. Supp. 2d 1221 (N.D.Ga. 2006), the Court set out three basic requirements that must be met to invoke the statute. They are: (1) the person or entity from whom the discovery is sought must reside or be found in the issuing court's district; (2) the discovery must be for use in a proceeding in a foreign or international tribunal; and (3) the application must be made by a foreign or international tribunal, or by an "interested person." The Dometic Group has offices all over the world, and multiple offices in the United States. Dometic Group has a warehouse and administrative office in Louisville, Kentucky where they currently operate. Upon information and belief, documents relevant to the refrigerator recalls would be located in Louisville, Kentucky. As such, Dometic Corporation is within this Court's jurisdiction.

The second requirement indicates that the discovery must be for use in a proceeding in a foreign or international tribunal. As mentioned above, this matter arises from an on-going arbitration in Sydney, New South Wales, initiated by Coast seeking compensation for the losses it suffered

arising from proceedings in Supreme Court of Queensland. There is no action related to this dispute filed in the United States. Therefore, the discovery requests are solely for use in a foreign tribunal.

The third requirement is that the application must be made by a foreign tribunal or by an "interested person." In *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), the Court paved the way for a more liberal approach to granting applications under § 1782. There, a more expansive definition on who qualifies as an interested person indicated any person with a "reasonable interest in obtaining judicial assistance" would qualify. *Id.* at 256. That Court also indicated that having a "significant role" in the proceedings was also helpful in determination of interested persons. Airxcel is an interested person as the party from whom compensation is being sought in the arbitration. They have a significant role in the proceedings as a party, and having financial liability at stake, they certainly also have a reasonable interest in obtaining judicial assistance. Airxcel believes the documents held by Dometic Corporation are crucial to its defence. Dometic is the sole holder of documents that may shed further light onto what caused the fire subject to this litigation.

In addition to the three factors above, the Court may take into consideration certain discretionary factors as well. Those factors include: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal and the character of the proceeding abroad, including whether the foreign government or the court or agency is receptive to U.S. federal court assistance; (3) whether the request is an attempt to circumvent proof-gathering restrictions or policies in the foreign jurisdiction where the litigation is pending; and (4) whether the request is unduly intrusive or burdensome.

In this case, the person from whom discovery is sought is not a party to the litigation, but is a third-party, whom Airxcel believes has evidence critical to its defence. While Coast contends an air conditioner installed in the motorhome was the cause of the fire, Airxcel has reason to believe the

fire may have been caused by a defect in the refrigerator.  The proposed discovery is therefore necessary to allow Airxcel to investigate this theory and properly defend itself against Coast's allegations.

The second discretionary factor the Court may use involves the nature of the proceeding and whether the foreign government is receptive to U.S. federal court assistance. The arbitration occurring in Australia is the result of a Supreme Court of Queensland decision whereby Coast is now seeking recovery of damages it incurred having being found liable for the fire. There exists no impediment regarding the nature of the foreign tribunal nor will the granting of this request have any negative impact on the relationship between the judicial systems in the United States and Australia. The United States and Australia are both parties to the United Nations Convention on Contracts for the International Sale of Goods (Vienna, 1980) and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York, 1958),  as well as both having adopted the Uncitral Rules which were designed to promote the progressive harmonization and unification of international trade law.

The third discretionary factor discusses whether the request is an attempt to circumvent proof-gathering restrictions or policies in the foreign jurisdiction where the litigation is pending. Here, there is no attempt to circumvent the Australian legal system in any way. In fact it is the opposite in that the request is made pursuant to an arbitration properly constituted and conducted under the laws governing arbitration in New South Wales, Australia and it is a request well litigated in American and Australian courts and is a reasonable, calculated method of obtaining information from a company located outside Australia.

The fourth discretionary factor involves determining whether the request is unduly intrusive or burdensome. A known issue exists with the absorption-type Dometic refrigerator understood to

have been installed in the motorhome. There has been at least one recall of a model similar in material respects to the model that was installed. In fact, Dometic is currently recalling a number of models of absorption-type refrigerators for fear that an identified defect poses a risk of fire. There can be no credible dispute that the information requested is highly relevant to the primary issue of the arbitration, namely the cause of the fire. Airxcel cannot obtain the requested information from any entity other than Dometic. Further, the information requested may be critical to Airxcel's defence. Airxcel has attempted to minimize any burden Dometic would bear in connection with production. The requested records and communications are from a restricted time period all within the past ten (10) years. Airxcel expects that the documents will be stored in an electronic filing system or similar archive that will facilitate their speedy identification and retrieval. Further, Airxcel proposes to restrict the dissemination of the information by means of a confidentiality agreement attached hereto as Exhibit 1.

**WHEREFORE,** for the foregoing reasons, Airxcel Inc. respectfully requests this Court grant its request to serve a subpoena upon Dometic Corporation under 28 U.S.C. § 1782.

Respectfully submitted,

CASEY BAILEY & MAINES, PLLC
3151 Beaumont Centre Circle, Ste. 200
Lexington, Kentucky  40513
Telephone: (859) 243-0228
Facsimile:  (859) 243-0528

By:   */s/ Michael P. Casey*
MICHAEL P. CASEY

## CERTIFICATE OF SERVICE

This certifies that a true and accurate copy of the foregoing was delivered by U.S. Mail and certified mail, postage prepaid, onto Dometic Corp.'s registered agent, as set forth below, on this the 29th day of January, 2015:

CT CORPORATION SYSTEM
306 W. MAIN STREET
SUITE 512
FRANKFORT, KY 40601

/s/ Michael P. Casey
MICHAEL P. CASEY